UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSEPH KRANKOTA, | ) | CASE NO. C06-0334-RSL |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| DOUG WADDINGTON, | ) | |
| Respondent. | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He seeks relief under 28 U.S.C. § 2254 from the judgment and sentence entered following his 2002 conviction in Snohomish County Superior Court. Respondent has filed a motion to dismiss petitioner's petition in which he argues that the petition is time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d). Petitioner has filed a response to respondent's motion to dismiss. This Court, having reviewed petitioner's petition, respondent's motion to dismiss, petitioner's response thereto, and the balance of the record, concludes that respondent's motion to dismiss should be granted.

## PROCEDURAL HISTORY

On July 10, 2002, petitioner was found guilty, by stipulated bench trial, on one count of

REPORT AND RECOMMENDATION
PAGE -1

child molestation in the first degree. (*See* Dkt. No. 12, Ex. 1 at 1.) On August 27, 2002, petitioner was sentenced by the trial court, in accordance with RCW 9.94A.712, to a minimum term of 93 months confinement and to a maximum term of life. (Dkt. No. 12, Ex. 1 at 6.) Petitioner's judgment and sentence was filed on August 29, 2002. (*See id.*, Ex. 1 at 1.)

Petitioner did not file a direct appeal. Petitioner did, however, file a personal restraint petition ("PRP") in the Washington Court of Appeals in April 2005 challenging his sentence. (*Id.*, Ex. 3.) Petitioner argued in his personal restraint petition that he had been given an exceptional sentence in violation of his Sixth Amendment right to a jury trial. (*Id.*) Petitioner relied upon the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), to support his Sixth Amendment challenge. (*Id.*) Petitioner also argued in his petition that his sentence violated the Double Jeopardy Clause. (*Id.*) The Court of Appeals stayed consideration of petitioner's personal restraint petition pending consideration by the Washington Supreme Court of another case raising a *Blakely* issue. (*Id.*, Ex. 4.)

Petitioner requested that the order to stay his personal restraint proceedings be rescinded and that the court proceed to disposition of his personal restraint petition. (*See id.* Ex. 5.) This request was apparently denied. Petitioner subsequently submitted an additional ground to the Court of Appeals for review. (*Id.*, Ex. 6.) Petitioner asserted in his additional ground for review that his sentence violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*)

On September 26, 2005, the Court of Appeals issued an order lifting the stay and dismissing the petition. (*Id.*, Ex. 7.) With respect to his Sixth Amendment claim, the Court of Appeals concluded that *Blakely* did not provide a basis for granting petitioner relief because

REPORT AND RECOMMENDATION
PAGE -2

petitioner's conviction and sentence became final before *Blakely* was decided, and because *Blakely* is not applied retroactively. (*Id*.) The Court of Appeals also concluded that petitioner's sentence did not violate the constitutional prohibition against cruel and unusual punishment. (*Id*.) Petitioner next filed a motion for discretionary review in the Washington Supreme Court. (*Id*., Ex. 8.) The Supreme Court Commissioner issued a ruling denying review on December 5, 2005. (Dkt. No. 12, Ex. 9.) Petitioner filed a motion to modify the commissioner's ruling, but that motion was denied by the Supreme Court on January, 31, 2006. (*Id*., Exs. 10 and 11.)

On February 20, 2006, petitioner signed his federal habeas petition, and the petition was received by the Court for filing on March 7, 2006. (*See* Dkt. No. 4.)

## DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes was to adopt a one-year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) states that the one year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not dispute that he filed his federal habeas petition more than one year after his judgment and sentence became final. Petitioner appears to argue instead that his petition should not be deemed time-barred because he properly filed a personal restraint petition in the state courts which was neither challenged, nor dismissed, as time-barred.

Whether petitioner's personal restraint petition was deemed timely filed under state law, or whether the state even raised the timeliness issue in petitioner's personal restraint proceedings, has no bearing on these proceedings. If petitioner's petition was not timely filed in this Court in accordance with the provisions of § 2244(d)(1), as set forth above, petitioner is barred from proceeding with his federal habeas petition.

The record before this Court makes clear that petitioner's federal habeas petition was not timely filed in accordance with the provisions of § 2244(d)(1). Petitioners judgment became final, under state law, on August 29, 2002. *See* RCW 10.73.090(3)(a). Thus, under § 2244(d)(1)(A), petitioner had until August 29, 2003, to file his federal habeas petition.[1] The one year limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Petitioner did file a collateral state challenge to his judgment and sentence. However, he did not file that challenge until April 2005, well after the statute of limitations had already expired. Petitioner's personal restraint proceedings in the state courts

---

[1] Because at least one of petitioner's federal habeas claims is based on the relatively recent *Blakely* decision, this Court notes that § 2244(d)(1)(C), which is effectively an exception to the general one-year time limit set forth in § 2244(d)(1)(A), does not apply because the Supreme Court has not made the rights recognized in *Blakely* "retroactively applicable to cases on collateral review."

REPORT AND RECOMMENDATION
PAGE -4

01  therefore would not have acted to toll the statue of limitations. *See Nino v. Galaza*, 183 F.3d
02  1003 (9th Cir. 1999).

03  The statute of limitations is also subject to equitable tolling. *Laws v. Lamarque*, 351 F.3d
04  919, 922 (9th Cir. 2003). However, the Ninth Circuit has made clear that equitable tolling is
05  available "only when extraordinary circumstances beyond a prisoner's control make it impossible
06  to file a petition on time and the extraordinary circumstances were the cause of his untimeliness."
07  *Id*. (internal quotation and citation omitted). Petitioner does not argue that he is entitled to
08  equitable tolling of the federal statute of limitations.

09  As noted above, petitioner did not sign his federal habeas petition until February 20, 2006,
10  almost two and a half years after the statute of limitations expired on August 29, 2003. Because
11  petitioner filed his petition outside of the § 2254 statute of limitations period, and because
12  petitioner has not demonstrated that he is entitled to either statutory or equitable tolling of the
13  limitations period, his petition is time-barred. This Court therefore recommends that respondent's
14  motion to dismiss be granted, and that petitioner's federal habeas petition be dismissed, with
15  prejudice, pursuant to 28 U.S.C. § 2244(d). A proposed order accompanies this Report and
16  Recommendation.

17  DATED this <u>10th</u> day of July, 2006.

[signature]

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5